(No. 25297.—■■■■■■■■■

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN J. BAGDONAS, Plaintiff in Error.

*Opinion filed December 15, 1939—Rehearing denied Feb. 7, 1940.*

WM. SCOTT STEWART, for plaintiff in error.

Mr. JUSTICE GUNN delivered the opinion of the court:

By an order of the probate court of Cook county John J. Bagdonas and five others were adjudged guilty of contempt of court and sentenced to imprisonment in the county jail of Cook county for one year. The order as to Bagdonas was affirmed by the Appellate Court for the First District and he now prosecutes this writ of error.

This court has heretofore affirmed the judgment against Julius Waitches and Nickolas Radis, two of the defendants, in the cases of *People* v. *Waitches,* 365 Ill. 174, and *People* v. *Radis,* id. 194, respectively. The transaction out of which the proceeding for contempt arose is set forth at length in the *Waitches case.* The *Radis case* and the present case, upon the application of Bagdonas, were consolidated in the Appellate Court after Radis had prosecuted a writ

of error from the probate court. It appears from the opinion in the cases of Waiches and Radis that testimony was taken in the probate court and that all of the respondents testified in the proceeding in the probate court. The transcript of such testimony is not presented on this writ of error. All that is presented is a record of the proceeding in the Appellate Court, and an abstract of the record in the *Radis case* in the Supreme court, without any of the evidentiary matter contained in either.

The sole point raised by plaintiff in error is that the order of commitment does not set out facts constituting the offense of contempt with sufficient particularity to show the court was authorized to make the commitment order and that it does not affirmatively show the presence of the contemnor at the time the order was entered. It is contended that this case should be determined solely upon what is shown in the record presented here, without reference to a report of the proceedings in the probate court, because at the time of the consolidation it is claimed such transcript was not on file in the Appellate Court.

The record as it has been filed in this cause shows the petition, under oath, of an employee of the public administrator of Cook county, alleging that a direct contempt against the probate court of Cook county had been committed by John J. Bagdonas and five others; that one of the others, an attorney, presented for probate an instrument claimed to be the last will of one James Thomas Kelly, which had not been witnessed during his lifetime and had been witnessed by some of the contemnors after his death, and that this was done in the business place of Bagdonas; that Bagdonas was a beneficiary to the extent of $4500 and that *all of the parties* did present to the court a document purporting to be the last will of Kelly, knowing then, and at all times prior to the presentation, that it was not a true last will of Kelly but was, in fact, a fraud. Following this, the record shows an order was made by the

court showing the cause came on to be heard upon the petition aforesaid charging said acts of contempt upon the part of Bagdonas and the others, and that witnesses were sworn and examined in open court touching upon the matters in the petition. Findings were then made that the false will was witnessed in the establishment of Bagdonas and that all these persons (including Bagdonas) were fully advised of the facts prior to the date when Waitches appeared in court and presented the will, and that the whole transaction was in furtherance of a scheme on the part of the persons named to perpetrate a fraud on the court by intending to cause the court to admit said alleged will to probate, and that the action of all such parties was a contempt to the orderly processes of the court. Thereupon, judgment and sentence were rendered by the court.

In the *Waitches* and *Radis cases* this same transaction has been adjudged a contempt of court. In determining whether an order sufficiently sets out the facts upon which it acted we have a right to refer to the affidavit upon which the proceeding was started. In *Franklin Union* v. *People,* 220 Ill. 355, the same question of the sufficiency of the order adjudging respondent guilty of contempt was raised and it was there held that where the petition and affidavits set forth all of the details, an order for contempt, referring to them in apt terms, adjudging defendant in contempt and fixing punishment, is sufficient. A consideration of the petition, and the order of court herein which refers to it, makes it clear that Bagdonas was a participant in a transaction heretofore held by this court to be a contempt.

Complaint is made that the transcript of the proceedings should not be considered in determining whether the Appellate Court correctly decided this case. It is not necessary to consider the transcript. It appears from the statement of counsel, and also from the judgment order of the probate court, that evidence was taken before the court. In the case of *Franklin Union* v. *People, supra,* the defendants

presented in this court only the appeal bond and copies of the order of commitment for contempt, without the evidence taken before the court, and it was adjudged that since the evidence was not preserved by bill of exceptions and incorporated in the record on appeal, defendants were not in a position to question the sufficiency of the recitals contained in the judgment of conviction. The rule in this respect, quoted from *Day* v. *Davis,* 213 Ill. 53, is announced at page 384: "If we had a complete record of the cause before us and it should not appear from it that the oral evidence had been preserved, then, unless the decree contained recitals of findings of fact sufficient to sustain the relief granted, the plaintiff in error might insist upon a reversal. In the absence of a complete record no presumption of error obtains, but the presumptions are in favor of regular and correct action upon the part of the chancellor."

In *People* v. *Rosenthal,* 370 Ill. 244, a contempt proceeding, we held that where the order of commitment discloses the cause was heard upon interrogatories and answers thereto, the judgment will be presumed to have been based upon sufficient evidence unless such interrogatories and answers are included in the record. Here, the order of the probate court refers to the petition initiating the proceeding. and recites that witnesses were sworn and examined in open court. In view of the fact that the plaintiff in error has not seen fit to bring before us the complete record disclosed to have been in existence, we must presume that there was sufficient evidence before the probate court to authorize the commitment of the plaintiff in error for a contempt of court committed in the presence of the court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*