**Ruth Rotheimer, Appellee, v. Philip Rotheimer, Appellant.**

**Gen. No. 48,517.**

First District, First Division.

February 9, 1962.

Rehearing denied March 1, 1962.

Frederick J. Bertram, of Chicago, for appellant.

Maurice H. Ruttenberg and Fred S. Ruttenberg, of Chicago (Bradley D. Steinberg, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is an appeal by defendant, Philip Rotheimer, from a contempt order in a divorce action. He was found guilty of wilful contempt and committed to the county jail for 30 days.

Plaintiff, Ruth Rotheimer, and defendant were married on October 3, 1951, in Austria. Three girls were born of the marriage. At the time of the contempt order, they were 7 years, 5 years and 6 months of age. On June 8, 1959, plaintiff filed her complaint for divorce, alleging cruelty. An injunction was issued, without bond or notice, restraining defendant from injuring plaintiff or her children at any time.

On July 10, 1959, a supplemental complaint was filed, and the injunction issued on June 8, 1959, was "reinstated." Subsequently, in 1960 and 1961, amended and supplemental complaints were filed. Each alleged reconciliation of the parties, resumption of marital relations, additional acts of cruelty and subsequent separation. The alleged acts of cruelty against defendant include striking plaintiff with his fist on the face and body, striking her with various items of household crockery and household furniture, throwing knives at her, and striking her on the head with a beer bottle, severely wounding her, and causing her from time to time, in fear for her life, to flee from her home with the minor children.

In January, 1961, pursuant to plaintiff's petition of January 18, 1961, for a rule to show cause, and defendant's failure to appear and answer, defendant was attached by the sheriff and placed in the county jail. On February 10, 1961, leave was granted to Frederick J. Bertram to file his appearance as attorney for defendant, and upon his motion, defendant was released from custody. It was further ordered that "pending said hearing the defendant remain away from plaintiff's abode . . . and comply with the previous order,

3

entered April 25, 1960, for child support, alimony and attorney fees." The hearing on the rule was continued from time to time.

On April 12, 1961, before a hearing on the rule, plaintiff filed a second petition for a rule on defendant to show cause why he should not be held in contempt of court for his wilful disobedience of the injunction of July 10, 1959, and of the order of February 10, 1961. The supporting affidavit of petitioner alleges that on April 6, 1961, defendant came to plaintiff's abode, smashed the door and entered with physical force, and violently beat plaintiff, causing her to call the police for protection. Defendant was ordered to appear in court on April 19 and "show cause why he should not be punished for his wilful contempt of the order and injunction of this court."

On April 19, 1961, defendant filed an answer to the second rule to show cause and, under oath, he denied appearing at plaintiff's abode on April 6, 1961, and violently beating her. He also denied that any injunction writ was ever served upon him and alleged that he was innocent of any intention to commit a contempt of court. The answer prayed that the defendant be purged of any contempt of court.

On that date the court heard testimony of plaintiff, defendant, and other witnesses. The return of the rule was continued to April 27, 1961, and defendant was ordered in the interim to submit himself for a lie test.

On April 27, 1961, the parties again appeared in court, and a transcript of the hearing on that day shows that the order for defendant to submit himself to the lie test was entered "with the consent of the parties, and at the request of the defendant." The record also shows that after argument of counsel and the consideration by the court of the testimony pre-

4

viously heard on April 19, 1961, the court entered an order which states that, after "hearing all the testimony of the parties hereto and being fully advised in the premises," the court finds defendant violated the injunction issued against him and "has wilfully disobeyed the Order of this Court entered on the 10th day of February, 1961." The court decreed defendant guilty of contempt of court and committed him to the county jail for 30 days.

Defendant contends that his answer purged him of any contempt of court; that he was not served with any injunction writ or order and could not be guilty of a contempt of court based upon an injunction or order of which he had no notice or knowledge; that the court erred in entering an order requiring him to submit to a lie detector test; that he was denied a proper hearing; that the contempt proceedings were criminal in nature, and he was entitled to the presumption of innocence and to the legal requirement of proof beyond a reasonable doubt.

■ Defendant's answer did not purge him of any alleged contempt. In a civil contempt, the sworn answer of the defendant alleged to be in contempt does not purge him of the alleged contempt or entitle him to a discharge, but his answer may be contradicted and disproved (The People v. Buconich (1917), 277 Ill 290, 294, 115 NE 185), and it is sufficient if the guilt of the accused is established by a preponderance of the evidence. (12 ILP, Contempt, § 78.) In The People v. Gholson (1952), 412 Ill 294, 303, 106 NE2d 333, which presented the issue of whether a defendant in an indirect criminal contempt proceeding could purge himself by filing a verified denial, the Supreme Court rejected entirely the doctrine of "purgation by oath," and overruled all previous decisions upholding and applying that doctrine.

5

Although the terms of the order of April 27, 1961, include the failure to obey the injunction, the remarks of the court, in the record, show that the court considered the violation of its order of February 10, 1961, entered for plaintiff's protection, that "defendant remain away from plaintiff's abode," as a principal factor in the finding of contempt. Therefore, our examination of the record is directed to defendant's alleged violation of the February 10, 1961, order. This makes it unnecessary for us to consider defendant's contentions leveled against the injunction of July 10, 1959.

■ Defendant substantially contends that service on him of the notice of the order of February 10, 1961, was required in order to charge him with its violation. The record does not show that this contention was made in the trial court. The order bears the O.K. of defendant's attorney. It was a consent order, initiated by defendant's counsel to release him from jail. On oral argument, defendant's counsel stated that he had informed defendant of the order, but he doubted that defendant fully understood the purport of the order that he remain away from plaintiff's abode. Excuses of this sort cannot be tolerated in the face of this record. The record shows sufficient notice to defendant of this order. Service on defendant of a copy of the order of February 10, 1961, was not required to bring him into contempt for its violation.

■ As to the lie detector test, defendant is correct in asserting that both the Civil Practice Act, § 54.1, and the Criminal Code of Illinois, ¶ 736.2, provide that the court shall not require a plaintiff or defendant to submit to a lie detector test. The remarks of the court on April 27 show that the lie test order was entered at the request of defendant. We find no error here.

■ Another contention of defendant is that he was denied a proper hearing and was refused permission

6

on April 27, 1961, to offer testimony of additional witnesses in corroboration of his answer to the rule to show cause. The transcript of the proceedings on April 27 show that the court had completed the taking of testimony at the hearing on April 19, and the matter was continued to April 27 only to permit defendant, at his request, to demonstrate, by way of a lie detector test, the truth of statements theretofore made by him to the court. The record reflects that on April 19 the court heard all the evidence offered by defendant in corroboration of his answer to the rule, and at the final hearing on April 27 the court remarked that it did not believe defendant's evidence and saw no reason for any more hearings. We conclude defendant had a full and fair hearing.

The record shows that the instant contempt order was based on a petition and affidavit of plaintiff, notice of which was served on defendant, defendant's answer and a hearing by the court, in which defendant was given a full opportunity to be heard. The record does not contain the evidence of the hearing on April 19, 1961. In the absence of this evidence, we must presume that there was sufficient evidence before the court to sustain the order entered on April 27, 1961, and the recitals therein, regardless of the measure of proof required. The People v. Rosenthal (1938), 370 Ill 244, 249, 18 NE2d 450; The People v. Bagdonas (1940), 372 Ill 530, 533, 25 NE2d 19.

We find no error in the procedure followed by the court in this case. The record amply justifies the finding of contempt for the violation of the order of February 10, 1961, and the punishment imposed therefor.

Defendant has also appealed from an order entered on April 27, 1961, which denied defendant's motion to dismiss plaintiff's last amended complaint. This contention is not considered because the order is not a final adjudication between the parties and is

7

not a final and appealable order. Therefore, the appeal as to that order is dismissed. Miller v. Bunn (1929), 336 Ill 203, 168 NE 303; Chicago Housing Authority v. Abrams (1952), 409 Ill 226, 229, 99 NE2d 129.

For the reasons stated the contempt order appealed from is affirmed.

Affirmed.

BURMAN and ENGLISH, JJ., concur.