THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS J. LOOMIS *et al.*, Defendants-Appellants.

(Nos. 70-218, 70-219 cons.;

Second District—June 22, 1971.

John T. Beynon, Public Defender, of Rockford, (Frank P. Vella, Jr., Deputy Public Defender, of counsel,) for appellants.

Phillip G. Reinhard, State's Attorney, of Rockford, for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendants, Thomas J. Loomis and John Goodbear, pleaded guilty to separate informations charging robbery. Each was denied probation and sentenced to a term of 1-5 years. On this consolidated appeal, defendants contend that their sentences were erroneous and that they should have been granted probation.

At the conclusion of the hearing on defendants' motions for probation the court denied the relief sought. It was then stipulated that the evi-

dence adduced at the probation hearing would stand in lieu of a hearing in aggravation and mitigation. There was testimony that on January 20, 1970, these defendants, together with others and including one David Darwin (who at an earlier hearing had been granted probation), were riding in a car on a county road. They were drinking. Loomis was driving the car with Goodbear as the passenger in the front. The others were in the rear. A common decision was made to "pull a car over" using a battery operated red flashing light. A car was stopped with a lone woman driver. Loomis and Darwin approached the car. Defendants testified that Darwin struck the woman and took her purse. The money in the purse was handed to Goodbear.

Both defendants testified as to their past record as contained in the filed probation reports: Goodbear, age 17, had been placed on probation in Wisconsin in 1969 for being beyond parental control; in November 1969, had served 12 days for rules violation (skipping school). On January 8, 1970, he was sentenced to 14 days in the county jail for curfew violation and resisting arrest. He stated that several days before the January 20th incident he had been arrested for operating a motor vehicle without the owner's consent and that this case was still pending. Loomis, age 18, admitted to having been arrested on numerous prior occasions on such charges as drinking as a minor, driving without a license and car theft. In 1965 he was arrested for car theft and placed on probation. His probation was transferred to Illinois and eventually he was sentenced to the Illinois Youth Commission, escaped, and was returned. He was released in March of 1969. He stated that thereafter he had been arrested on three different occasions for minor drinking and driving after revocation and in each instance was released from jail in the custody of his parole officer.

There was testimony that on March 20th, 1970, while confined in the Winnebago County Jail on the robbery charges, both defendants participated in the torture beating of a 16 year old fellow inmate, Danny Emmer. It is unnecessary to state the details of Emmer's testimony but the conclusion that the acts were extremely cruel and revolting is evident. The defendants admitted on cross examination only that they struck Emmer a number of times in the head, back and stomach. After Emmer had testified to the details they offered no rebuttal, however. The defense counsel did not object to the testimony of Emmer except at the conclusion when he moved to have it stricken as prejudicial and immaterial. This motion was denied by the court.

The defendants contend that it was error for the court to consider the testimony of Emmer because it related to a crime for which there was no conviction; and that without such testimony there would be no

justification in the record for denying probation to these defendants, particularly since probation had previously been granted to David Darwin.

■■ A judge has wide discretion in the sources and types of evidence used to assist him in determining a proper sentence; he is not confined to the narrow issue of guilt, but may obtain information concerning a defendant's life and characteristics; however, exercising care to insure the accuracy and propriety of the materials considered. *People v. Adkins* (1968), 41 Ill.2d 297, 300, 301; *People v. Crews* (1967), 38 Ill.2d 331, 337. See also, *People v. Ackerman* (1971), 70-201, 2nd District.

■■ The evidence of defendants' conduct in the jail was a proper subject of inquiry and was clearly relevant to the issues involved in both the probation and aggravation and mitigation procedures in aid of the court's determination of the defendants' propensity toward violence and their rehabilitation potential. There was the safeguard that the evidence was introduced formally and with due opportunity for confrontation and cross examination. We do not agree with defendants' contention that this evidence could not be properly considered in this hearing because of the presumption of innocence of criminal misconduct for which there has been no conviction.

*People v. Riley* (1941), 376 Ill. 364 and *People v. Grigsby* (1966), 75 Ill.App.2d 184, cited by defendants are authority for the general proposition that, over objection, it is improper to read previous arrests without conviction into the record, but that such error will not be cause for reversal in the absence of material prejudice resulting from the court being informed of the immaterial matters. In *Grigsby* there was the additional element that the State, over objection, produced testimony that defendant was under investigation in connection with a crime allegedly committed in a neighboring county after the plea of guilty in the case being heard. The witness had no personal knowledge of the alleged crime or defendant's involvement in it. The prosecutor had also brought to the court's attention (in connection with a prior motion to increase bail) that defendant had been charged with aggravated battery and attempted murder in another county, both of which charges were subsequently dismissed for lack of probable cause; and it was noted that the court gave credence to the unsubstantiated charges by increasing bail. The case before us is clearly distinguishable on the facts.

Here, the defendants have suggested in their brief that charges of Aggravated Battery were pending against them arising from the incident at the jail at the time the court heard the evidence on the motion for probation. We find no mention of this in the record, but, in any event, there is no suggestion in the record that the court received the testimony

as evidence of a criminal record against the defendants, or that the court considered unsubstantiated charges as equivalent to conviction, thereby not crediting the defendants with a presumption of innocence.[1] The admissions of the defendants as to portions of the incidents related by Emmer confirmed serious anti-social conduct completely relevant to the disposition of the motion for probation and were also matters in aggravation. The victim testified and was subject to confrontation and cross examination in a formal court procedure, so that relevant sentencing information was presented under procedures which reasonably safeguarded the accuracy of the material offered. Defendants thus may not properly urge an analogy to cases in which immaterial or unsubstantiated evidence is introduced to their substantial prejudice. We find no reversible error under the facts of this case. *People v. Kelley* (1970), 44 Ill.2d 315, 318. See also Anno: 96 A.L.R.2d 768, 790, 791.

■■ The defendants further contend that they were given disparate treatment because Darwin was granted probation although he allegedly "was the main instrument of violence" against the robbery victim. There is little merit in this argument. There is no record of Darwin's hearing before us and, therefore, defendants have not sustained their burden of presenting a sufficient basis from which the sentences may be compared. (See *People v. Haynes* (1971), 266 N.E.2d 172, 174; *People v. Hansen* (1971), 132 Ill.App.2d. See also, *People v. Whittington* (1970), 265 N.E.2d 679, 681.) We do note a suggestion in the remarks of the court that in the prior hearing involving Darwin, there was a different version as to who struck the victim of the robbery. But in any event, the conduct of these defendants in the jail would support the exercise of the court's discretion in making a different disposition of the cases.

We find no basis for reducing the sentences and therefore affirm the judgments below.

Judgments affirmed.

T. MORAN, P. J., and GUILD, J., concur.

---

[1] Defendants may not, of course, be considered guilty of the crime of Aggravated Battery without a conviction; but it is clear that the court was not punishing the defendants for the Aggravated Battery by indirection since each was given the one year minimum sentence for the Robbery. See *People v. Lillie* (1967), 79 Ill.App.2d 174, 178, 179.