THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RANDY
L. VERNON, Defendant-Appellant.

Second District   No. 2—95—0166

Opinion filed December 12, 1996.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate
Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and
Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office,
of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Randy L. Vernon, appeals the trial court's order deny-
ing his motion to reconsider the sentence. The issue on appeal is
whether, on a remand from this court in which we ordered the trial
court to conduct a new hearing on defendant's motion to reconsider
the sentence in full compliance with Supreme Court Rule 604(d) (145
Ill. 2d R. 604(d)), the trial court erred in refusing to consider the evi-
dence of defendant's behavior and accomplishments while in prison
during the pendency of his appeal. We affirm.

On May 6, 1992, defendant was charged by indictment with two
counts of aggravated criminal sexual assault (720 ILCS 5/12—14(a)(1)
(West 1992)) and two counts of aggravated unlawful restraint (720

ILCS 5/10—3.1 (West 1992)). On October 15, 1992, defendant pleaded guilty to one count of aggravated criminal sexual assault in exchange for the State's agreement to dismiss the remaining charges and a pending misdemeanor charge. There was no agreement as to the sentence to be imposed.

On December 22, 1992, the trial court sentenced defendant to 12 years' imprisonment. On January 12, 1993, defendant filed a motion to reconsider the sentence, which the trial court denied on the same date. Defendant filed a timely notice of appeal.

On appeal, defendant argued that the cause must be remanded because the trial court did not order that he be furnished a copy of the transcript until after the motion for reconsideration of his sentence was denied and because his attorney did not file the certificate required by Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). On August 9, 1994, we reversed the trial court's order denying defendant's motion to reconsider the sentence and remanded the cause to the circuit court for full compliance with Rule 604(d). *People v. Vernon*, 261 Ill. App. 3d 1125 (1994) (unpublished order under Supreme Court Rule 23).

On January 30, 1995, defense counsel filed a new motion to reconsider the sentence and a certificate in compliance with Rule 604(d). The new motion alleged that defendant's conduct while in prison shows a great rehabilitative potential in defendant.

On February 1, 1995, the trial court held a new hearing on defendant's motion. At the hearing, defense counsel asked the court for leave to file a copy of a letter and a progress report from the Clinical Services Department of the Western Illinois Correctional Center. The State objected to the report being considered by the court because it referred to conduct that the court could not possibly have considered during the first hearing on the motion to reconsider the sentence. The trial court allowed defendant to file the report. However, the trial court stated:

> "Now I am going to tell you that I am not going to consider it in regards to anything that is before the court because it is after sentencing, and the case came back down to me for hearing today on a 604(d) motion. This is not relevant to anything that is before the court. It will be filed, made part of the record, but I will not consider it."

Defense counsel then stated that he had intended to call defendant as a witness solely to discuss what he had done while in prison. The following exchange then occurred between the court and defense counsel:

> "THE COURT: Your offer of proof, and I will take it as an offer

of proof in regards that he will testify as to what he has done, and I suppose it will all be in good light to him.

MR. LIGHT: Yes, sir, it would.

THE COURT: That offer of proof is made and it is denied."

The trial court refused to consider any evidence that was not before it when defendant was sentenced. Defense counsel then argued that defendant's sentence should be reduced based on the information that was before the court at the original sentencing hearing. The trial court then denied defendant's motion to reconsider the sentence.

Defense counsel then filed a motion to reconsider the denial of the motion to reconsider the sentence in which he argued that the court erred in denying the motion and in refusing to consider the evidence of defendant's behavior and accomplishments while in prison. The trial court denied the motion. Defendant filed a timely notice of appeal.

On appeal, defendant argues that, when considering the motion to reconsider his sentence, the trial court should have considered the evidence of defendant's behavior and accomplishments while in prison during the pendency of his appeal. The State argues that because a remand for compliance with Rule 604(d) returns the case to the same procedural point as on the date defendant's original motion to reconsider the sentence was filed, it is improper for the trial court to consider anything it could not have considered on that date.

■ Initially, we note that the purpose of a motion to reconsider the sentence is not to conduct a new sentencing hearing. Rather, "[t]he purpose of a motion to reconsider a sentence is to allow the trial court an opportunity to review the appropriateness of the sentence imposed and correct any errors made." *People v. Root*, 234 Ill. App. 3d 250, 251 (1992).

■ The evidence defendant wishes to admit is clearly outside that which a trial court is required to consider. If trial courts were required to consider such evidence, the character of hearings on motions to reconsider a sentence would essentially be more like *ad hoc* parole hearings where the trial court would view defendant's conduct in prison and determine, based at least partially on that conduct, how much longer defendant should spend in prison. We do not believe that this comports with the purpose of a hearing on a motion to reconsider a sentence. See *Root*, 234 Ill. App. 3d at 251. When ruling on a motion to reconsider a sentence, the trial court should limit itself to determining whether the initial sentence was correct; it should not be placed in the position of essentially conducting a completely new sentencing hearing based on evidence that did not exist when defendant was originally sentenced.

Defendant argues that *People v. Loomis*, 132 Ill. App. 2d 903 (1971), *People v. Ferguson*, 84 Ill. App. 3d 175 (1980), and *People v. Westbrook*, 262 Ill. App. 3d 836 (1992), provide support for his argument. We conclude that these cases are distinguishable from the present case and do not support defendant's argument.

In *Loomis*, we merely held that the trial court may consider defendant's behavior during his incarceration prior to the original sentencing hearing. *Loomis*, 132 Ill. App. 2d at 905. In that case, the trial court was not reconsidering an existing sentencing order; it was sentencing defendant for the first time. Because the purpose at an original sentencing hearing is much broader in that the court considers all the evidence relevant to the proper sentence rather than whether the original sentence was correct, we conclude that *Loomis* is not instructive.

In *Ferguson*, the trial court considered in the original sentence defendant's expression of remorse for his attempt to kill his estranged wife. *Ferguson*, 84 Ill. App. 3d at 176-77. Defendant's original sentence was vacated and, at the new sentencing hearing, the trial court considered: (1) testimony regarding jailhouse conversations in which defendant discussed killing his wife; and (2) a letter defendant had written describing his wife, directions to his residence, instructions to make her shooting look like a suicide, and instructions to force her to write two notes explaining that she had lied at trial and that she was killing herself. *Ferguson*, 84 Ill. App. 3d at 177. Because the original sentence in *Ferguson* was vacated and the trial court was conducting a new sentencing hearing and because the evidence considered rebutted defendant's expression of remorse at the original sentencing hearing, *Ferguson* is not persuasive regarding the issue in the present case.

The court in *Westbrook* held that nonstatutory evidence is admissible in aggravation at an original sentencing hearing. *Westbrook*, 262 Ill. App. 3d at 857-58. Because *Westbrook*, like *People v. Loomis*, involved an original sentencing hearing, we conclude that it is not instructive concerning the issue in the present case.

Next defendant argues that our decision in *People v. Brasseaux*, 254 Ill. App. 3d 283 (1996), supports his argument. In *Brasseaux*, we held that, if a motion to reconsider the sentence alleges facts outside the record or raises issues that may not be resolved without an evidentiary hearing, defendant's presence should be required. *Brasseaux*, 254 Ill. App. 3d at 291. Defendant argues that *Brasseaux* recognized that evidence not presented at the original sentencing hearing may be appropriate at a hearing on a motion to reconsider the sentence. However, *Brasseaux* does not suggest that a defendant

may present evidence of events occurring after the original sentencing hearing. We decline to expand the holding of *Brasseaux* to include such evidence.

Finally, defendant argues that *People v. Smith*, 258 Ill. App. 3d 633 (1994), is instructive. In *Smith*, defendant was sentenced to 12 years' imprisonment for aggravated arson. 258 Ill. App. 3d at 635. On appeal, the court found that her sentence was not an abuse of discretion. *Smith*, 258 Ill. App. 3d at 645. However, the court, without discussion, remanded the cause to the trial court to determine what effect, if any, the fact that defendant was diagnosed with cancer after her sentence and commitment to the Department of Corrections should have on the appropriate sentence. *Smith*, 258 Ill. App. 3d at 645.

Although *Smith* lends some support to defendant's argument in the present case, we conclude that the unique facts of *Smith* distinguish it from the case at bar. First, the defendant in *Smith* may have had the condition, although it remained undetected, at the time of the original sentence. Second, evidence that defendant suffers from a potentially fatal illness is qualitatively different from evidence that defendant has achieved a good behavior record during his incarceration. The uniqueness of the facts presented in *Smith* is demonstrated by the fact that the *Smith* court remanded the cause without stating that defendant either requested that the trial court reconsider her sentence based on her newly discovered illness or requested that the appellate court remand the cause for the trial court to do so. To the extent that *Smith* suggests that evidence of events occurring after the original sentencing hearing is admissible in a hearing on a motion to reconsider the sentence, we decline to follow it. To do so would completely alter the character of hearings on motions to reconsider the sentence.

For the foregoing reasons, we affirm the judgment of the circuit court of Winnebago County.

Affirmed.

DOYLE and RATHJE, JJ., concur.