No. 2--95--0166

________________________________________________________________

                                     

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE              )  Appeal from the Circuit Court

OF ILLINOIS,                         )  of Winnebago County.

                                     )

     Plaintiff-Appellee,             )

                                     )  No. 92--CF--1007

v.                                   )

                                     )

RANDY L. VERNON,                     )  Honorable

                                     )  John W. Nielsen,

     Defendant-Appellant.            )  Judge, Presiding.

________________________________________________________________

     JUSTICE BOWMAN delivered the opinion of the court:

     Defendant, Randy L. Vernon, appeals the trial court's order

denying his motion to reconsider the sentence.  The issue on appeal

is whether, on a remand from this court in which we ordered the

trial court to conduct a new hearing on defendant's motion to

reconsider the sentence in full compliance with Supreme Court Rule

604(d) (145 Ill. 2d R. 604(d)), the trial court erred in refusing

to consider the evidence of defendant's behavior and

accomplishments while in prison during the pendency of his appeal. 

We affirm.

     On May 6, 1992, defendant was charged by indictment with two

counts of aggravated criminal sexual assault (720 ILCS 5/12--

14(a)(1) (West 1992)) and two counts of aggravated unlawful

restraint (720 ILCS 5/10--3.1 (West 1992)).  On October 15, 1992,

defendant pleaded guilty to one count of aggravated criminal sexual

assault in exchange for the State's agreement to dismiss the

remaining charges and a pending misdemeanor charge.  There was no

agreement as to the sentence to be imposed.

     On December 22, 1992, the trial court sentenced defendant to

12 years' imprisonment.  On January 12, 1993, defendant filed a

motion to reconsider the sentence which the trial court denied on

the same date.  Defendant filed a timely notice of appeal.

     On appeal, defendant argued that the cause must be remanded

because the trial court did not order that he be furnished a copy

of the transcript until after the motion for reconsideration of his

sentence was denied and because his attorney did not file the

certificate required by Supreme Court Rule 604(d) (145 Ill. 2d R.

604(d)).  On August 9, 1994, we reversed the trial court's order

denying defendant's motion to reconsider the sentence and remanded

the cause to the circuit court for full compliance with Rule

604(d).  People v. Vernon, No. 2--93--0107 (1994) (unpublished

order under Supreme Court Rule 23).

     On January 30, 1995, defense counsel filed a new motion to

reconsider the sentence and a certificate in compliance with Rule

604(d).  The new motion alleged that defendant's conduct while in

prison shows a great rehabilitative potential in defendant.  

     On February 1, 1995, the trial court held a new hearing on

defendant's motion.  At the hearing, defense counsel asked the

court for leave to file a copy of a letter and a progress report

from the Clinical Services Department of the Western Illinois

Correctional Center.  The State objected to the report being

considered by the court because it referred to conduct which the

court could not possibly have considered during the first hearing

on the motion to reconsider the sentence.  The trial court allowed

defendant to file the report.  However, the trial court stated:

          "Now I am going to tell you that I am not going to

       consider it in regards to anything that is before the court

       because it is after sentencing, and the case came back down

       to me for hearing today on a 604(d) motion.  This is not

       relevant to anything that is before the court.  It will be

       filed, made part of the record, but I will not consider it."

          Defense counsel then stated that he had intended to call

defendant as a witness solely to discuss what he had done while in

prison.  The following exchange then occurred between the court and

defense counsel:

          "THE COURT:  Your offer of proof, and I will take it as

       an offer of proof in regards that he will testify as to what

       he has done, and I suppose it will all be in good light to

       him.

          MR. LIGHT:  Yes, sir, it would.

          THE COURT:  That offer of proof is made and it is

       denied."

       The trial court refused to consider any evidence which was not

before it when defendant was sentenced.  Defense counsel then

argued that defendant's sentence should be reduced based on the

information which was before the court at the original sentencing

hearing.  The trial court then denied defendant's motion to

reconsider the sentence.  

     Defense counsel then filed a motion to reconsider the denial

of the motion to reconsider the sentence in which he argued that

the court erred in denying the motion and in refusing to consider

the evidence of defendant's behavior and accomplishments while in

prison.  The trial court denied the motion.  Defendant filed a

timely notice of appeal.

     On appeal, defendant argues that, when considering the motion

to reconsider his sentence, the trial court should have considered

the evidence of defendant's behavior and accomplishments while in

prison during the pendency of his appeal.  The State argues that

because a remand for compliance with Rule 604(d) returns the case

to the same procedural point as on the date defendant's original

motion to reconsider the sentence was filed, it is improper for the

trial court to consider anything it could not have considered on

that date.                 

     Initially, we note that the purpose of a motion to reconsider

the sentence is not to conduct a new sentencing hearing.  Rather,

"[t]he purpose of a motion to reconsider a sentence is to allow the

trial court an opportunity to review the appropriateness of the

sentence imposed and correct any errors made."  People v. Root, 234

Ill. App. 3d 250, 251 (1992).  

     The evidence defendant wishes to admit is clearly outside that

which a trial court is required to consider.  If trial courts were

required to consider such evidence, the character of hearings on

motions to reconsider a sentence would essentially be more like ad

hoc parole hearings where the trial court would view defendant's

conduct in prison and determine, based at least partially on that

conduct, how much longer defendant should spend in prison.  We do

not believe that this comports with the purpose of a hearing on a

motion to reconsider a sentence.  See Root, 234 Ill. App. 3d at

251.  When ruling on a motion to reconsider a sentence, the trial

court should limit itself to determining whether the initial

sentence was correct; it should not be placed in the position of

essentially conducting a completely new sentencing hearing based on

evidence which did not exist when defendant was originally

sentenced.

     Defendant argues that People v. Loomis, 132 Ill. App. 2d 903

(1971), People v. Ferguson, 84 Ill. App. 3d 175 (1980), and People

v. Westbrook, 262 Ill. App. 3d 836 (1992), provide support for his

argument.  We conclude that these cases are distinguishable from

the present case and do not support defendant's argument.

     In Loomis, we merely held that the trial court may consider

defendant's behavior during his incarceration prior to the original

sentencing hearing.  132 Ill. App. 2d at 905.  In that case, the

trial court was not reconsidering an existing sentencing order; it

was sentencing defendant for the first time.  Because the purpose

at an original sentencing hearing is much broader in that the court

considers all the evidence relevant to the proper sentence rather

than whether the original sentence was correct, we conclude that

Loomis is not instructive.

     In Ferguson, the trial court considered in the original

sentence defendant's expression of remorse for his attempt to kill

his estranged wife.  84 Ill. App. 3d at 176-77.  Defendant's

original sentence was vacated and, at the new sentencing hearing,

the trial court considered:  (1) testimony regarding jailhouse

conversations in which defendant discussed killing his wife; and

(2) a letter defendant had written describing his wife, directions

to his residence, instructions to make her shooting look like a

suicide, and instructions to force her to write two notes

explaining that she had lied at trial and that she was killing

herself.  Ferguson, 84 Ill. App. 3d at 177.  Because the original

sentence in Ferguson was vacated and the trial court was conducting

a new sentencing hearing and because the evidence considered

rebutted defendant's expression of remorse at the original

sentencing hearing, Ferguson is not persuasive regarding the issue

in the present case.

     The court in Westbrook held that nonstatutory evidence is

admissible in aggravation at an original sentencing hearing.  262

Ill. App. 3d at 857-58.  Because Westbrook, like People v. Loomis,

involved an original sentencing hearing, we conclude that it is not

instructive concerning the issue in the present case. 

     Next defendant argues that our decision in People v.

Brasseaux, 254 Ill. App. 3d 283 (1993), supports his argument.  In

Brasseaux, we held that, if a motion to reconsider the sentence

alleges facts outside the record or raises issues which may not be

resolved without an evidentiary hearing, defendant's presence

should be required.  Brasseaux, 254 Ill. App. 3d at 291.  Defendant

argues that Brasseaux recognized that evidence not presented at the

original sentencing hearing may be appropriate at a hearing on a

motion to reconsider the sentence.  However, Brasseaux does not

suggest that a defendant may present evidence of events occurring

after the original sentencing hearing.  We decline to expand the

holding of Brasseaux to include such evidence.  

     Finally, defendant argues that People v. Smith, 258 Ill. App.

3d 633 (1994) is instructive.  In Smith, defendant was sentenced to

12 years' imprisonment for aggravated arson.  258 Ill. App. 3d at

635.  On appeal, the court found that her sentence was not an abuse

of discretion.  Smith, 258 Ill. App. 3d at 645.  However, the

court, without discussion, remanded the cause to the trial court to

determine what effect, if any, the fact that defendant was

diagnosed with cancer after her sentence and commitment to the

Department of Corrections should have on the appropriate sentence. 

Smith, 258 Ill. App. 3d at 645.  

     Although Smith lends some support to defendant's argument in

the present case, we conclude that the unique facts of Smith

distinguish it from the case at bar.  First, the defendant in Smith

may have had the condition, although it remained undetected, at the

time of the original sentence.  Second, evidence that defendant

suffers from a potentially fatal illness is qualitatively different

from evidence that defendant has achieved a good behavior record

during his incarceration.  The uniqueness of the facts presented in

Smith is demonstrated by the fact that the Smith court remanded the

cause without stating that defendant either requested that the

trial court reconsider her sentence based on her newly discovered

illness or requested that the appellate court remand the cause for

the trial court to do so.  To the extent that Smith suggests that

evidence of events occurring after the original sentencing hearing

is admissible in a hearing on a motion to reconsider the sentence,

we decline to follow it.  To do so would completely alter the

character of hearings on motions to reconsider the sentence.

     For the foregoing reasons, we affirm the judgment of the

circuit court of Winnebago County.

     Affirmed.

     DOYLE and RATHJE, JJ., concur.