THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN HANNA, Defendant-Appellant.
Fourth District   No. 4—86—0366

Opinion filed May 18, 1987.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas K. Leeper, State's Attorney, of Quincy (Kenneth R. Boyle, Robert J. Biderman, and Perry Lee Miller, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Following his open plea of guilty to residential burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19-3), defendant filed motions to reduce sentence and to withdraw his guilty plea. The Adams County circuit court denied both motions and defendant appeals.

The claims defendant presents for review do not require an extended discussion of the facts surrounding his offense, but do require a full explanation of the procedural history leading to this appeal.

On September 19, 1985, the Adams County State's Attorney filed an information charging defendant with conspiracy (burglary), residential burglary, and resisting a peace officer. The charges stemmed

from defendant's arrest for a home burglary following an extended chase by sheriff's deputies. At the time of his arrest, defendant was free on bond in cause No. 85CF109, a burglary charge.

The court initially appointed the public defender to represent defendant and subsequently granted defendant's request to represent himself. At defendant's request, the court assigned the public defender to assist in preparing the defense. During the course of proceedings, defendant permitted the public defender to advise him, file motions, and present arguments to the court. Defendant also filed several motions of his own, supplemented counsel's motion to withdraw guilty plea, and was permitted to call and question witnesses at the sentencing hearing. Defendant frequently availed himself of opportunities to argue points to the court.

On November 4, 1985, defendant pleaded guilty to residential burglary in this cause. In return for this plea, the State agreed to drop the conspiracy and resisting a peace officer charges and to not seek an extended term. (See Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—2.) Prior to accepting defendant's guilty plea, the court admonished him extensively concerning the nature of the residential burglary offense, as well as the potential penalties upon conviction. Specifically, the court made defendant aware it could order any sentence in this case served consecutively with the sentence in No. 85CF109. Defendant indicated he understood the court's admonition.

On December 27, 1985, the court held a combined sentencing hearing for this case and No. 85CF109. At that hearing, defendant represented himself and called several witnesses. Generally, this testimony indicated defendant had cooperated with authorities since his arrest. Witnesses also testified to defendant's claim that his motive for participating in the residential burglary at issue was to involve and then implicate one of the other participants in the burglary. The court indicated it would consider this testimony at the sentencing hearing along with other matters of record, including the presentence investigation report. Given the opportunity to correct inaccuracies in the report, defendant indicated he had found some minor errors which he intended to bring out and clarify as he presented evidence at the sentencing hearing.

The court sentenced defendant to 6 years' imprisonment in No. 85CF109 and to 8 years' imprisonment in this cause, the terms to run consecutively. Elaborating upon the reasons for its sentence in the present case, the court stated:

"As far as factors in aggravation under 5-5-3.2, I have taken into account those that apply, and in particular, the fact that

the Defendant has a history of prior delinquency and criminal activity, especially criminal activity. He indicated here today that he was in no trouble up to the age of 13 and apparently he had problems there."

The court then made specific note of four adult offenses: armed robbery in 1974, a bail bond violation in 1975, a felony theft in 1983, and a misdemeanor theft in 1984.

The court also expressed skepticism concerning defendant's claim he had participated in the residential burglary only to get one of his companions in trouble. The court queried:

"[W]hat would have happened if somebody was in that house, since none of you were sure someone was in the house or not, and someone ended up getting hurt; just because you weren't thinking you were committing a crime, or you were helping the police, that wouldn't have helped that individual at all.

\* \* \*

I'm not real impressed by the fact that you were going to turn Mr. Hobbs in after the crime was committed. As far as I am concerned, you committed a crime, and you pled guilty to it as a matter of fact, so there is no doubt you committed residential burglary, which is about as serious a crime next to murder, as you can commit as far as I am concerned in that, in going into somebody's house, their residence, that's why it's a separate classification [sic] on a burglary."

Following these comments, the court noted defendant had committed the residential burglary while out on bond in No. 85CF109. The court indicated this latter circumstance was a factor in its decision to impose consecutive sentences.

After the court passed sentence, defendant indicated he wished to file a motion for reduction of sentence (Ill. Rev. Stat. 1985, ch. 38, par. 1005–8–1(c)) and requested the court to appoint counsel for purposes of that motion. The court did so, and counsel filed a motion to reduce sentence which raised numerous arguments. Two allegations in that motion are pertinent to the issues on appeal. First, defendant alleged his pretrial incarceration subjected him "to a punishment factor and degree of confinement which is more than mere pre trial detention \* \* \* because of a constant state of interference and harassment of the defendant and potential witnesses." Second, defendant claimed the court improperly looked at three juvenile wardships in passing sentence. These proceedings were uncounselled, defendant alleged, making them unreliable as sentencing factors.

At the hearing on the motion to reduce sentence, defendant indi-

cated he wished to present witnesses who would support the allegations of his motion. The court refused to hear this testimony, indicating its view that the motion to reduce sentence raised only matters of law. On the issue of the allegedly uncounselled juvenile proceedings, the court indicated its belief such allegations should have been presented at the sentencing hearing. The court expressed its view that a motion to reduce sentence only required the court to review the sentencing hearing and presentence report to determine whether the sentence imposed was proper. The court stated it would consider the matters raised in defendant's motion in reconsidering the sentence and confirmed its refusal to hear further evidence. Following the hearing, the court denied defendant's motion to reduce sentence.

Subsequently, defense counsel filed a motion to withdraw defendant's guilty plea. (103 Ill. 2d R. 604(d).) This motion raised essentially the same issues as the motion to reduce sentence, with one addition. Defendant alleged circumstances existed at the time of his guilty plea which led him to believe the court would impose concurrent sentences in No. 85CF109 and the present case. Defendant also filed a handwritten supplement to the original motion, the particulars of which are not directly relevant to the issues on appeal.

At the first hearing date on defendant's motion to withdraw guilty plea, defense counsel appeared without the defendant. Counsel represented to the court that defendant wished to continue representing himself. The court indicated it was not inclined to allow defendant to continue *pro se*, noting defendant had switched between representation by counsel and *pro se* several times. The court also declined to continue the hearing so that defendant could be present. In this regard, the court observed that only the allegation that defendant believed he would receive concurrent sentences challenged the voluntariness of defendant's plea. Since defendant's awareness that he could receive consecutive sentences was clear in the record, he was not entitled to be present at the hearing. The court did continue the hearing, however, to permit defendant to file his personal amendments to the motion to withdraw guilty plea and this appeal ensued.

On appeal, defendant raises a number of issues which we will address in order: (1) whether the circuit court erred in not permitting evidence at the sentence reduction hearing when defendant's motion raised matters not of record; (2) whether the trial court improperly refused to reconsider defendant's sentence at the hearing on his motion to withdraw his guilty plea; (3) whether the court's refusal to permit defendant to appear *pro se* at the hearing on the motion to withdraw guilty plea violated the sixth amendment to the United States

Constitution; (4) whether defendant's presence was required at the hearing on his motion to withdraw the guilty plea because the motion raised issues of fact outside the record; (5) whether defendant must be resentenced because the record shows he received more than the minimum sentence because he fell into the sentencing judge's category of disfavored offenders; and (6) whether the trial court improperly considered threat of physical harm as an aggravating factor in sentencing defendant.

■ Defendant first argues that when a motion for sentence reduction raises matters outside the record, the circuit court must either state explicitly those claims would have no bearing on the defendant's sentence or else permit defendant to present testimony on behalf of his motion. Specifically, defendant points to his claims of pretrial harassment and improper use of allegedly uncounselled juvenile adjudications.

If his juvenile adjudications were uncounselled, and if the conditions of his pretrial detention were onerous, this was known to defendant when he was sentenced. Failure to inform the circuit court at the sentencing hearing of the apparent deficiencies or inaccuracies in the presentence investigation report arguably waived defendant's arguments on that issue. (See *People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9.) Regardless of whether the issue was preserved for review, defendant's interpretation of section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(c)) is incorrect.

Section 5—8—1(c) provides:

> "The trial court may reduce or modify a sentence, but shall not increase the length thereof by order entered not later than 30 days from the date that sentence was imposed. This shall not enlarge the jurisdiction of the court for any other purpose."

At common law, a trial court retained jurisdiction to alter its judgment in a criminal case until the defendant began serving his sentence. (*People v. Watson* (1946), 394 Ill. 177, 68 N.E.2d 265.) While a court's common law authority to modify a sentence ended when a defendant was delivered to the penitentiary, section 5—8—1(c) alters that rule and ensures the trial court will have 30 days in which to rule on a motion to reduce sentence. *People v. Hills* (1980), 78 Ill. 2d 500, 401 N.E.2d 523.

At common law, a trial judge was authorized to reduce a sentence when fairness and justice dictated. (*People v. Washington* (1947), 397 Ill. 122, 73 N.E.2d 275.) Section 5—8—1(c) does not alter this standard. We decline defendant's invitation to engraft a variety of proce-

dural requirements onto section 5—8—1(c). A trial court has discretion to hear additional evidence if a motion to reduce sentence alleges facts outside the record which, if true, would alter the court's conclusion as to a proper sentence. However, we cannot agree with defendant's assertion that the court must hear evidence unless it makes specific finding such evidence would not have affected the original sentencing decision.

■ In the present case, the trial court stated it would consider defendant's allegations when deciding the motion to reduce sentence. Certain statements might suggest the court relied upon the waiver doctrine in refusing defendant's request to present evidence. However, taken in context, the court's remarks indicate it duly considered and rejected defendant's claims of error in sentencing.

The record reveals the trial court was aware of the circumstances surrounding defendant's pretrial detention through prior proceedings. The defendant and the State had previously appeared before the court to determine what limitations could be placed upon defendant's use of law books and the telephone, as well as what access he would be allowed to witnesses. Similarly, the court's remarks at defendant's sentencing hearing do not suggest defendant's juvenile delinquency played a major role in his sentence. Although the court noted the juvenile wardships, it indicated defendant's four prior adult convictions, including three felonies, were of paramount importance in passing sentence.

The defendant has four prior adult convictions, including one for armed robbery. Moreover, he committed the instant offense, a Class 1 felony, while free on bond for another felony. Since the defendant's sentence was well within the legislative parameters for residential burglary, the trial court did not abuse its discretion in denying defendant's motion to reduce sentence. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

■■ ■ Defendant next argues the trial court abused its discretion because it improperly curtailed the hearing on defendant's motion to withdraw his guilty plea. Whether a guilty plea may be withdrawn is within the trial court's sound discretion, unless it appears a defendant entered a guilty plea through misapprehension of facts or law, defendant has a defense worthy of consideration, or there is doubt of defendant's guilt and justice would be better served by trial. (*People v. Spicer* (1970), 47 Ill. 2d 114, 264 N.E.2d 181; *People v. Braje* (1985), 130 Ill. App. 3d 1054, 474 N.E.2d 1364.) Even if a defendant seeks only to challenge his sentence following a guilty plea, he must file a motion to withdraw the guilty plea. (*People v. Stacey* (1977), 68

Ill. 2d 261, 369 N.E.2d 1254.) Defendant properly raised his arguments concerning his sentence in the motion to withdraw his guilty plea.

■ Defendant argues the trial court incorrectly viewed itself as unable to consider sentencing questions when deciding whether defendant could withdraw his plea. We disagree. The court observed most of the allegations had been raised in defendant's motion to reduce sentence and were considered by the court. Regardless of whether the court incorrectly refused to consider sentencing issues at the hearing on defendant's motion to withdraw his guilty plea, the court had previously considered and properly rejected these same arguments. Any error at the Rule 604(d) hearing was harmless and did not prevent defendant from arguing these issues on appeal.

■ Defendant also claimed his plea was involuntary because he believed he would receive concurrent sentences in Nos. 85CF109 and 85CF219. The record reflects defendant was properly admonished that any sentence in this cause could be made to run consecutive to the sentence in No. 85CF109. If defendant thought his sentences would run concurrently, this belief was not induced by the trial court, the State, or even defense counsel. The trial court correctly ruled defendant had not shown his plea to be involuntary and properly refused him leave to plead anew.

■ We also reject defendant's claim his sixth amendment right to self-representation was violated when the trial court refused to allow defendant to appear *pro se* at the hearing on his motion to withdraw guilty plea. The United States Supreme Court has interpreted the sixth amendment to guarantee a defendant the right to control his own defense at trial. (*Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525.) This right has two facets. First, a defendant is entitled to preserve actual control over the case presented to the jury. Second, unwanted participation by standby counsel should not be allowed to destroy the jury's perception that defendant is representing himself. *McKaskle v. Wiggins* (1984), 465 U.S. 168, 79 L. Ed. 2d 122, 104 S. Ct. 944.

Initially, we note *Faretta* announced a rule applicable to the stages of prosecution which precede final judgment. There is no authority supporting defendant's claim he is entitled to represent himself at proceedings subsequent to conviction and sentencing. Although Supreme Court Rule 604(d) (103 Ill. 2d R. 604(d)) provides for counsel to be provided for indigents when they seek to withdraw a guilty plea, it does not accord any right to proceed *pro se*. Whether a defendant is permitted to represent himself at a hearing under Rule

604(d) is a matter within the trial court's discretion—a discretion which was not abused in the present case.

Even were defendant correct in asserting a constitutional right to appear *pro se* at a hearing under Rule 604(d), we do not believe that right would have been violated under the circumstances before us. When *Faretta* applies, only the defendant's interest in retaining actual control of his defense has any import in proceedings outside the jury's presence. (*McKaskle v. Wiggins* (1984), 465 U.S. 168, 79 L. Ed. 2d 122, 104 S. Ct. 944.) In the instant case, the circuit court continued the Rule 604(d) hearing to permit defendant to file his personal amendments to the motion to withdraw guilty plea. Although the court permitted only defense counsel to argue this motion orally, defendant does not suggest counsel usurped control and did not fairly present defendant's arguments to the court. Moreover, the court was able to assess defendant's arguments by reviewing defendant's handwritten amendments. If defendant had a constitutional right to represent himself at the Rule 604(d) hearing, the procedure utilized by the circuit court adequately ensured defendant would retain actual control over his case.

■ Defendant next asserts the circuit court erred in not requiring him to be present at the hearing on his motion to withdraw guilty plea. Defendant premises this argument on the fact the court would allegedly need to look outside the record to decide issues raised in the motion.

Although noting defendant's presence in the courtroom has not generally been required at post-trial motion hearings, the appellate court has previously indicated a defendant should be present at a hearing held under Rule 604(d) when the motion to withdraw guilty plea raises factual issues outside the record. (*People v. Ellis* (1980), 81 Ill. App. 3d 351, 401 N.E.2d 282; *People v. Hummel* (1977), 48 Ill. App. 3d 1002, 365 N.E.2d 122.) While defendant's general statement of the law is accurate, it does not require the result for which he argues given the facts before us.

Two allegations which defendant asserts required his presence for a proper hearing had previously been raised in defendant's motion to reduce sentence. Defendant again urged the court to reconsider his sentence because of alleged pretrial harassment and because of reliance upon uncounselled juvenile wardships as an aggravating factor. Neither of these allegations raised the issue of whether defendant's guilty plea was voluntary. The court thus had discretion to conclude the allegations of harassment and use of unreliable factors in aggravation did not entitle defendant to a full evidentiary hearing. Defend-

ant's presence was not necessary to determine that proof of these allegations would not entitle him to withdraw his guilty plea.

Defendant also claimed his guilty plea was involuntary because he erroneously believed he would receive concurrent sentences. This argument was properly rejected on the existing record. No need existed for further evidence or defendant's presence at the hearing on his motion to withdraw guilty plea.

■ Defendant next contends he received an excessive sentence because he fell within the sentencing judge's disfavored category of offenders. Defendant relies primarily upon *People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168, to argue this cause should be remanded for resentencing before a different judge. In *Bolyard*, the sentencing judge expressed his personal belief that probation was not a viable sentencing option for one convicted of the defendant's category of offense. This pronouncement came despite the fact the legislature had made this a probationable offense. Concluding the record showed the sentencing judge had refused to exercise his discretion in denying probation, the Illinois Supreme Court ordered a new sentencing hearing before a different judge.

In contrast to *Bolyard*, the judge's remarks here do not suggest he rejected a legislatively approved sentencing option because defendant's crime fell into a category the court found distasteful. Although the judge expressed his view that residential burglary was "about as serious a crime, next to murder, as you can commit," this remark was made in the context of observing that the legislature had classified residential burglary as a more serious offense than burglary. Defendant's interpretation of the court's remark is further refuted by the fact his sentence for residential burglary fell far short of the maximum term for that offense. The court properly exercised its discretion and amply justified the sentence it gave defendant.

■ Finally, defendant claims the trial court improperly considered the risk of physical harm in passing sentence because the threat of harm was no greater than that inherent in the residential burglary offense. The sentencing court queried, "[W]hat would have happened if somebody was in [the] house [defendant burglarized]?" However, this statement was made only to suggest that a resident found at the home would not have benefitted from the fact that defendant claimed to be helping authorities apprehend one of his cohorts. We find no suggestion in the record that the court considered the threat of physical harm as an aggravating factor when sentencing defendant. In passing sentence, the court properly considered defendant's criminal history, the circumstances surrounding the crime in question, which

included a high-speed chase, and the fact defendant committed the instant offense while on bond for another felony. The court did not abuse its sentencing discretion.

For the foregoing reasons, we reject each of defendant's claims and affirm the judgment of the circuit court of Adams County.

Affirmed.

McCULLOUGH and LUND, JJ., concur.