Docket No. 100437.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
PONCHO MEDINA, Appellant.

*Opinion filed June 2, 2006.*

JUSTICE KARMEIER delivered the judgment of the court,
with opinion.

Chief Justice Thomas and Justices Freeman, McMorrow,
Fitzgerald, Kilbride and Garman concurred in the judgment and
opinion.

**OPINION**

The defendant, Poncho Medina, was charged in the circuit court of Cook County with the offense of possession with intent to deliver more than 400 grams, but less than 900 grams, of a controlled substance (cocaine), in violation of section 401 of the Illinois Controlled Substances Act (Act) (720 ILCS 570/401 (West 2002)). Following a jury trial, the defendant was found guilty and was subsequently sentenced to 13 years' incarceration in the Illinois Department of Corrections. Defendant appealed, arguing, *inter alia*, that (1) his conviction should be reversed because the record failed to demonstrate that he, personally, made the decision not to tender a lesser-included offense instruction; (2) the trial court failed to properly admonish him pursuant to Supreme Court Rule 605(a) (eff. October 1, 2001); and (3) his 13-year sentence of imprisonment–one year over the mandatory minimum authorized sentence–was excessive. The appellate court rejected those contentions and affirmed defendant's conviction and sentence. No. 1–03–1704 (unpublished order under Supreme Court Rule 23). We granted the plaintiff's petition for leave to appeal (177 Ill. 2d R. 315), and now affirm the judgment of the appellate court.

On appeal, defendant contends that (1) his conviction must be reversed because the record fails to disclose that he, personally, made the ultimate decision not to tender a lesser-included offense instruction, and (2) this cause should be remanded to the circuit court for proper admonishments pursuant to Supreme Court Rule 605(a), because inadequate admonishments deprived him of his right to file a motion to reconsider his sentence. The following facts are pertinent to our disposition.

BACKGROUND

At defendant's jury trial, Chicago Police Officer Chris Moyer testified that he and his partner, Officer Jim Kubic, were on routine patrol at approximately 10 p.m. on July 29, 2002, when they observed defendant stop his car and hand a case of Corona beer to "kids" in an alley. Shortly thereafter, the officers effected a traffic stop. Although defendant had not been asked to do so, he immediately exited his car and walked back toward

the officers, meeting them about two feet behind his car. Officer Moyer asked defendant if he had a driver's license, and defendant admitted he did not. He was placed under arrest, and subsequently admitted that he did not have insurance either. Officer Kubic spoke with the kids at the scene and determined that some were old enough to drink, while others were not.

After Officer Moyer placed defendant in Officer Kubic's custody, Moyer returned to defendant's vehicle to secure it for towing. While he was standing at the passenger-side window of the car, Moyer observed a "big brick object wrapped in tape." The object was in plain view on the front passenger-side floorboard of the vehicle. Moyer described the package as "about 12 inches long, about eight inches wide, *** about two inches thick, *** wrapped with a brown shipping tape." Based on his experience as a police officer, Moyer believed the package contained narcotics. He removed the package, cut it open, and discovered that it contained a compressed white powder, which he believed to be cocaine.

Moyer showed the package to his partner and then proceeded to the driver's side of defendant's vehicle. Upon opening the driver's door, Moyer discovered a beer bottle jammed between the driver's seat and the center console of the car. Under the driver's seat, he found a "big wad of money." Moyer stated: "It was all small bills, and it was as if somebody would take a handful of money and shove it under, grab more money, shove it under, it wasn't there in any order." The money under defendant's seat totaled $6,261.

Arthur Weathers, a forensic scientist employed by the Illinois State Police Crime Lab, testified that he received the package inventoried by Officer Moyer for analysis. After testing, he determined that the package and its contents weighed 557.9 grams, and the white substance therein was 40% pure cocaine.

Chicago Police Officer Romanda Ramirez was qualified and testified as a street drug expert. Ramirez stated that a typical user of cocaine would purchase approximately 0.2 grams, at a cost of $20. Cocaine sold on the street at the time of defendant's arrest was "anywhere between 15 and 25 percent

pure." In his opinion, because of the large amount involved, and the high level of purity, the cocaine in this case was not for personal use. Ramirez testified that the cocaine in question had a street value of $139,475, and would have supplied between 5,579 and 11,000 persons, depending upon the extent to which the substance was further diluted prior to sale.

Following Ramirez's testimony, and a stipulation as to chain of custody, the State rested. Defendant's motion for a directed verdict was denied. Defense counsel informed the court that counsel would not call defendant as a witness. The court then admonished defendant regarding his right to testify. Defendant indicated that he understood he had the right to testify, and he stated he did not wish to do so. The defense rested without presenting any evidence.

During the instruction conference, defense counsel was adamant that he did not want a lesser-included offense instruction submitted to the jury, and none was given. The record does not indicate whether defendant was present during the instruction conference.

In his closing argument to the jury, defense counsel revisited the theme he had pursued in his opening statement, arguing that the evidence did not show defendant knowingly possessed the drugs. The jury found defendant guilty of possession of a controlled substance with intent to deliver.

At defendant's sentencing hearing, the trial court first denied defendant's motion for a new trial. Proceeding to sentencing, the parties agreed that the that the mandatory minimum sentence was 12 years' incarceration in the Department of Corrections. In aggravation, the State pointed out that defendant, an illegal alien, had on two occasions violated statutory provisions prohibiting the operation of a motor vehicle while under the influence of drugs or alcohol. In mitigation, defense counsel suggested that defendant came to this country "to find a better life." Conceding that defendant was "in the country illegally," defense counsel speculated that defendant would "be deported to Mexico" as soon as he finished his sentence. Counsel asked for the minimum sentence. As noted, the trial court sentenced defendant to 13 years' imprisonment. After sentencing the defendant, the court

advised the defendant that he had the right to appeal, and to do so, he had to file notice of appeal within 30 days. Defendant was not apprised of the necessity of filing a motion to reconsider sentence.

On appeal, defendant argued, *inter alia*, that his conviction should be reversed because (1) the record failed to demonstrate that he, personally, made the decision not to tender a lesser-included offense instruction; (2) the trial court failed to properly admonish him pursuant to Supreme Court Rule 605(a); and (3) his sentence was excessive. The appellate court considered defendant's first issue, though the court believed it had not been properly preserved for review, and concluded that "the circuit court is not required to advise a defendant of the right to tender a lesser-included-offense instruction, to inquire whether the defendant knowingly and intelligently waived that decision, or to ensure that the defendant's decision on the matter is in the record." No. 1–03–1704 (unpublished order under Supreme Court Rule 23). Next, the appellate court rejected defendant's contention that his case should be remanded for proper Rule 605(a) admonishments. The court implicitly held that defendant was not prejudiced by inadequate admonishments because the court determined that it would consider defendant's excessive-sentence argument, notwithstanding defendant's failure to properly preserve the issue by filing a motion to reconsider sentence in the circuit court. The appellate court considered defendant's excessive-sentence issue, and found it to be without merit. No. 1–03–1704 (unpublished order under Supreme Court Rule 23).

## ANALYSIS

We first consider defendant's contention that the record must disclose that he, personally, made the ultimate decision not to tender a lesser-included offense instruction. Initially, we note that defendant failed to raise this issue in a posttrial motion, and thus it is at least arguable that the defendant has forfeited the issue for purposes of appeal. See *People v. Patterson*, 217 Ill. 2d 407, 443 (2005) (failure to include an issue in a posttrial motion results in forfeiture). Assuming,

*arguendo*, that principles of procedural default apply in this context, this court has stated, on numerous occasions, that "[w]aiver is a limitation on the parties and not on the jurisdiction of this court." *Central Illinois Light Co. v. Home Insurance Co.*, 213 Ill. 2d 141, 152 (2004), citing *People v. Hamilton*, 179 Ill. 2d 319, 323 (1997) (addressing defendant's argument that the circuit court erroneously refused his instruction on a lesser-included offense, notwithstanding arguable forfeiture of the issue). Thus, even when a party has failed to properly preserve an issue for review, we may nonetheless choose to address it in the interest of maintaining a sound and uniform body of precedent. *Central Illinois Light Co.*, 213 Ill. 2d at 152; *Hamilton*, 179 Ill. 2d at 323. We choose to do so here.

It is important, at the outset, to specify the nature of defendant's claim, as defendant submits that both the State and the appellate court have misapprehended his argument. First, it is the defendant's right to decide whether to *tender* a lesser-included offense instruction that defendant asserts here, which is an entirely different matter than a right to actually have the jury *instructed* on a lesser-included offense. Whether a jury will actually *receive* a lesser-included offense instruction depends upon the evidence adduced at trial. See *People v. Garcia*, 188 Ill. 2d 265, 278-82 (1999). Second, defendant contends the record must *disclose* that he–rather than defense counsel–made the ultimate decision not to tender a lesser-included offense instruction. He does not claim that he was ignorant of, or opposed to, the position taken by defense counsel during the instruction conference. Third, defendant states he is *not* arguing that admonishments are required of the trial court. Rather, defendant states, "[w]hile an admonishment by the trial court is one means of ensuring this right, it is not the only means available to the trial courts, nor the only means requested by the defendant; trial counsel can advise the court that he has consulted with his client, or the trial court can inquire of counsel in defendant's presence." We begin our discussion of this issue with an examination of the decisions this court has held ultimately belong to a criminal defendant, and in particular, of the origin and attributes of the right defendant now asserts.

In *People v. Ramey*, 152 Ill. 2d 41, 54 (1992), this court held that there are four decisions that ultimately belong to the defendant in a criminal case after consultation with his attorney: (1) what plea to enter; (2) whether to waive a jury trial; (3) whether to testify in his own behalf; and (4) whether to appeal. This court then stated:

> "Beyond these four decisions, however, trial counsel has the right to make the ultimate decision with respect to matters of tactics and strategy after consulting with his client. *** Such matters *** include the defense to be presented at trial." *Ramey*, 152 Ill. 2d at 54.

In *Ramey*, this court concluded that the defendant's constitutional right to due process was not violated when his trial counsel presented a defense against defendant's wishes, because the defense theory to be presented is not one of the matters that a defendant has the ultimate right to decide. *Ramey*, 152 Ill. 2d at 54.

In *People v. Brocksmith*, 162 Ill. 2d 224 (1994), this court added another right to those enumerated in *Ramey*. In *Brocksmith*, the court held that a defendant also had the exclusive right to decide whether to submit an instruction on a lesser-included offense at the conclusion of the evidence. *Brocksmith*, 162 Ill. 2d at 229. This court found the decision to tender a lesser-included offense instruction "analogous to the decision of what plea to enter," and determined that "the two decisions should be treated the same." *Brocksmith*, 162 Ill. 2d at 229. Because defense counsel, rather than defendant, had made the ultimate decision to tender the lesser-included offense instruction, defendant's conviction on the lesser-included offense was reversed. *Brocksmith*, 162 Ill. 2d at 230.

Subsequently, in *People v. Segoviano*, 189 Ill. 2d 228, 240 (2000), *People v. Campbell*, 208 Ill. 2d 203, 210 (2003), and *People v. Phillips*, 217 Ill. 2d 270, 281 (2005), this court reaffirmed that there are five decisions that ultimately belong to a defendant, after consultation with counsel, and reiterated that those decisions involve "rights that only a defendant himself may waive." See *Campbell*, 208 Ill. 2d at 217. In *Campbell*, a case that dealt with evidentiary stipulations, this court

concluded, "[w]here [a] stipulation includes a statement that the evidence is sufficient to convict the defendant ***, we find that a defendant must be personally admonished about the stipulation and must personally agree to the stipulation." *Campbell,* 208 Ill. 2d at 221. In *Campbell*, this court cited approvingly to that portion of the appellate court's opinion which suggested that admonishments in compliance with Supreme Court Rule 402 (177 Ill. 2d R. 402) would be required in such an instance. *Campbell*, 208 Ill. 2d at 218, citing *People v. Campbell*, 332 Ill. App. 3d 808, 814 (2002).

The decision whether to tender a lesser-included offense instruction bears significant similarity to the decision of what plea to enter, as this court has already recognized (*Brocksmith*, 162 Ill. 2d at 229), as well as the decision whether to stipulate that the evidence adduced at trial is sufficient to convict. In order to appreciate that similarity, one need only consider the prerequisite for entitlement to a lesser-included offense instruction and the attendant consequences which might flow from a defendant's decision.

A defendant is entitled to a lesser-included offense instruction only if the evidence at trial is such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater. *Schmuck v. United States*, 489 U.S. 705, 716 n.8, 103 L. Ed. 2d 734, 746 n.8, 109 S. Ct. 1443, 1451 n.8 (1989); *Keeble v. United States*, 412 U.S. 205, 208, 36 L. Ed. 2d 844, 847, 93 S. Ct. 1993, 1995 (1973); *People v. Kolton*, No. 99221, slip op. at 4 (March 23, 2006); *People v. Baldwin*, 199 Ill. 2d 1, 13-14 (2002); *Garcia*, 188 Ill. 2d at 284; *Hamilton*, 179 Ill. 2d at 324; *People v. Novak*, 163 Ill. 2d 93, 107-08 (1994). That evidentiary prerequisite must be met before a right to have the jury instructed on a lesser-included offense arises. *Baldwin*, 199 Ill. 2d at 13. Therefore, if the defendant chooses to submit a lesser-included offense instruction, he is acknowledging, indeed arguing, that the evidence is such that a rational jury could convict him of the lesser-included offense, and he is exposing himself to potential criminal liability, which he otherwise might avoid if neither the trial judge nor the prosecutor seeks the pertinent instruction. See *People v. Knaff*, 196 Ill. 2d 460, 473 (2001) (lesser-

included offense instruction may also be given at the instance of the State, or by the trial judge *sua sponte*, even over defendant's objection). If, on the other hand, the defendant chooses to forgo the opportunity to tender a lesser-included offense instruction, the defendant might be passing up " 'an important third option to a jury which, believing that the defendant is guilty of something but uncertain whether the charged offense has been proved, might otherwise convict rather than acquit the defendant of the greater offense.' " *Hamilton*, 179 Ill. 2d at 323-24, quoting *People v. Bryant*, 113 Ill. 2d 497, 502 (1986), citing *Keeble*, 412 U.S. at 212-13, 36 L. Ed. 2d at 850, 93 S. Ct. at 1997-98. In order to make an intelligent and informed decision in that regard, the defendant obviously requires the advice of counsel to aid the defendant in evaluating the evidence and to apprise the defendant of any potential conflicts with the defense strategy pursued to that point in the trial, functions that a trial judge cannot perform for the defendant. As members of this court have observed, the decision whether to tender a lesser-included offense instruction partakes of, and is unavoidably intertwined with, strategic trial calculations, matters within the sphere of trial counsel. See *Brocksmith*, 162 Ill. 2d at 230-34 (Freeman, J., concurring, joined by Bilandic, C.J.).

With those observations in mind, we now revisit the five decisions that ultimately belong to a defendant. We note that certain procedural requisites have been codified, either by statute or supreme court rule, with respect to three of those five decisions. For example, a defendant who waives his right to a jury trial must do so "understandingly" and in "open court." 725 ILCS 5/103–6 (West 2002). However, interpreting the requirements of that provision, this court has held that the circuit court need impart no set admonishment or advice in that regard, and a jury waiver is generally valid if it is made by defense counsel, in defendant's presence, in open court. *People v. Bracey*, 213 Ill. 2d 265, 270 (2004). Section 113–4 of the Code of Criminal Procedure (Code) (725 ILCS 5/113–4 (West 2002)) requires that a defendant's plea of guilty "shall not be accepted until the court shall have fully explained to the defendant the consequences of such plea and the maximum

penalty provided by law for the offense which may be imposed by the court." Further, Supreme Court Rule 402(a) (177 Ill. 2d R. 402(a)) provides in pertinent part:

> "In hearings on pleas of guilty, or in any case in which the defense offers to stipulate that the evidence is sufficient to convict, there must be substantial compliance with the following:
>
> (a) Admonitions to Defendant. The court shall not accept a plea of guilty or a stipulation that the evidence is sufficient to convict without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
>
> (1) the nature of the charge;
>
> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences[.]" 177 Ill. 2d Rs. 402(a)(1), (a)(2).

This court has held that "every defendant who enters a plea of guilty has a due process right to be properly and fully admonished" pursuant to Rule 402, but "an imperfect admonishment is not reversible error unless real justice has been denied or the defendant has been prejudiced by the inadequate admonishment." *People v. Whitfield*, 217 Ill. 2d 177, 188, 195 (2005). Finally, Supreme Court Rule 605 requires that the circuit court admonish a defendant regarding his right to appeal and advise him of the steps necessary to perfect an appeal.

Although a criminal defendant has a constitutional right to testify in his own defense, this court has held that no procedures comparable to those in sections 103–6 and 113–4 (c) of the Code require that the trial court admonish a defendant regarding his right to testify. *People v. Smith*, 176 Ill. 2d 217, 234-35 (1997). In so holding, this court cited, approvingly, the reasoning of *United States v. Martinez*, 883 F.2d 750, 760 (9th Cir. 1989), *vacated on other grounds*, 928 F.2d 1470 (9th Cir. 1991). In support of this court's conclusion that "the trial court is not required to advise a defendant of his

˘10˘

right to testify, to inquire whether he knowingly and intelligently waived that right, or to set of record defendant's decision on this matter," this court quoted from *Martinez*, setting forth the seven reasons given in *Martinez* en route to the same result. *Smith*, 176 Ill. 2d at 235. As we find reasons three through seven pertinent to our present disposition, we too quote that portion of *Martinez*:

> "Third, by advising the defendant of his right *to* testify, the court could influence the defendant to waive his right *not to* testify, 'thus threatening the exercise of this other, converse, constitutionally explicit and more fragile right.' [Citation.] Fourth, a court so advising a defendant might improperly intrude on the attorney-client relation, protected by the Sixth Amendment. [Citation.] Fifth, there is danger that the judge's admonition would introduce error into the trial. [Citation.] Sixth, it is hard to say when the judge should appropriately advise the defendant–the judge does not know the defendant is not testifying until the defense rests, not an opportune moment to conduct a colloquy. [Citation.] Seventh, the judge should not interfere with defense strategy. [Citation.]" (Emphasis in original.) *Martinez*, 883 F.2d at 760.

As this court observed in *Brocksmith*, the decision to tender a lesser-included offense instruction is "analogous to the decision of what plea to enter," and "the two decisions should be treated the same." *Brocksmith*, 162 Ill. 2d at 229. That statement from *Brocksmith* suggests that procedures such as those addressing pleas would be appropriate in this context. Such a view is bolstered by this court's conclusion in *Campbell*, wherein this court stated, "Where [a] stipulation includes a statement that the evidence is sufficient to convict the defendant ***, we find that a defendant must be personally admonished about the stipulation and must personally agree to the stipulation." *Campbell*, 208 Ill. 2d at 221. If a defendant tenders a lesser-included offense instruction, the defendant is arguing, in essence stipulating, that the evidence is such that a jury could rationally convict him of the lesser-included offense,

and he is exposing himself to potential criminal liability, which he otherwise might avoid.

On the other hand, we would be unrealistic if we failed to recognize that the decision to tender a lesser-included offense instruction may have a serious and adverse impact on the strategy defense counsel has pursued to that point in the trial. Thus, the concerns this court found so compelling in *Smith* apply here as well. By advising the defendant of his right to tender a lesser-included offense instruction, the trial court could influence the defendant to tender an instruction he otherwise would have chosen to forgo. Such an admonishment runs the risk of improperly intruding on the attorney-client relation and interfering with the defense strategy counsel has pursued, a strategy perhaps long in the making, but quickly undone by generalized admonishments.

In short, because the decision whether to tender a lesser-included offense instruction partakes of, and is unavoidably intertwined with, strategic trial calculations, matters within the sphere of trial counsel, we believe that a trial court need not interject itself into the decision, unless the considerations in *Campbell* apply. Where a lesser-included offense instruction is tendered, a defendant is exposing himself to potential criminal liability, which he otherwise might avoid, and is in essence stipulating that the evidence is such that a jury could rationally convict him of the lesser-included offense. Consequently, when a lesser-included offense instruction is tendered, we believe the trial court should conduct an inquiry of defense counsel, in defendant's presence, to determine whether counsel has advised defendant of the potential penalties associated with the lesser-included offense, and the court should thereafter ask defendant whether he agrees with the tender. That procedure will strike the appropriate balance of inquiry and confirmation without overreaching and undue intervention in the attorney-client relationship. However, where, as here, no lesser-included offense instruction is tendered, and a defendant is not exposed to additional criminal liability, the considerations we emphasized in *Smith* predominate, and it may be assumed that the decision not to tender was defendant's, after due consultation with counsel. We note in passing that defendant

would not have been entitled to a lesser-included offense instruction, even if he had tendered one. As we have previously observed, in order for a defendant to be entitled to a lesser-included offense instruction, the evidence must be such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater. *Kolton*, No. 99221, slip op. at 4 (March 23, 2006); *Baldwin*, 199 Ill. 2d at 13-14. Based on the evidence in this case, a rational jury could not have found defendant guilty of simple possession, yet have acquitted him of possession with intent to deliver. Once the jury found that defendant knowingly possessed the cocaine, a guilty verdict on the greater offense was clearly and inescapably indicated.

The uncontroverted testimony showed that defendant possessed 557.9 grams of 40% pure cocaine, a sufficient amount of cocaine to supply between 5,579 and 11,000 persons, depending upon the extent to which the cocaine was further diluted. The cocaine had a street value of $139,475. That evidence, considered in conjunction with the $6,261.00 in currency "randomly shoved underneath the driver's seat" of the vehicle, admits of only one conclusion: defendant was guilty of possession with intent to deliver. *Cf. United States v. Puckett*, 405 F.3d 589, 600 (7th Cir. 2005) (evidence was insufficient to support a lesser-included offense instruction where defendant "failed to present any direct evidence whatsoever at trial that he was a cocaine user or possessed the drug because he had any intention of consuming it himself, and also failed to offer any explanation as to how such a large amount of cocaine (63 grams) could rationally be considered consistent with personal use"). Because defendant was not *entitled to* a lesser-included offense instruction, reversal is not indicated in any event.

We turn now to defendant's second issue. Defendant contends that this cause must be remanded to the circuit court for proper admonishments pursuant to Supreme Court Rule 605(a) (eff. October 1, 2001). Defendant notes that the trial court failed to advise him, as required by Rule 605(a), of the right to file a motion to reconsider sentence, and of the necessity of filing such a motion in order to preserve sentencing issues for purposes of appeal. Defendant argues

that the circuit court's incomplete admonishment resulted in the loss of his right to have the trial court reconsider the sentence imposed upon him. Defendant acknowledges that the appellate court considered–and rejected–defendant's excessive-sentence argument on appeal, despite defendant's failure to properly preserve the issue; however, he submits that "the [appellate court] below failed to consider that there may be sentencing errors that are not apparent from the record, or that additional information relevant to the court's sentencing decision might not have been brought to the court's attention." He continues, "If such errors or omissions occurred and the defendant failed to file a postsentencing motion, he has lost his only opportunity to expand the record so that his off-the-record challenges can be raised on direct appeal, as direct appeals are limited to facts that are included in the record." Defendant fails to identify any "additional information" that might have had a bearing upon the sentence imposed in this case.

Our decision in *People v. Henderson*, 217 Ill. 2d 449 (2005), controls the outcome of this issue. The defendant in *Henderson* raised essentially the same argument. Noting that "only issues of record may be raised" on direct appeal, Henderson suggested, "had the trial court informed him that he could challenge *any aspect* of his sentencing in a postsentencing motion, he might have raised (in that motion) sentencing issues that were *dehors* the record, and defendant thereby would have made these issues potentially appealable by placing them on the record." (Emphases in original.) *Henderson*, 217 Ill. 2d at 467. The defendant in *Henderson* raised no sentencing issues on appeal.

In rejecting Henderson's argument, this court observed:

> "There are two difficulties with defendant's argument. First, in his briefs to this court and in oral argument, defendant offers only hypothetical examples of sentencing issues *dehors* the record that might have been raised if he had been properly admonished. Defendant presents no examples of actual sentencing issues that he was precluded from raising because of inadequate admonishments. Moreover, even if defendant had directed our attention to any such actual

issues, we are aware of nothing that would have precluded him from raising them on appeal below. If defendant had included such issues in his appeal, for example, and if the State had challenged the raising on appeal of issues *dehors* the record, defendant could have answered that he was precluded from placing these issues on the record (in a motion to reconsider sentence) by the trial court's inadequate Rule 605(a) admonishments. That, after all, was defendant's main argument on appeal below: that the circuit court gave him inadequate admonishments regarding the preservation of sentencing issues for appeal. If defendant had presented actual sentencing challenges in his appeal, the appellate court would at least have been alerted to the existence of these issues. The court then could have taken whatever actions it deemed appropriate, including hearing the challenges itself or remanding them to the trial court. As it is, neither the appellate court nor this court was informed of any actual sentencing issues." (Emphasis omitted.) *Henderson*, 217 Ill. 2d at 467-68.

As we indicated in *Henderson*, appellate courts may consider sentencing issues that have not been properly preserved because of inadequate Rule 605(a) admonishments. The appellate court in this case *did* address–and reject–defendant's sentencing argument that the circuit court erred in imposing a sentence one year over the minimum sentence allowed by law. Defendant does not attempt to revive his excessive-sentence argument in this court. Rather, he argues that he was denied his right to file a motion to reconsider sentence, and suggests there might have been "additional information" that did not find its way into the record, evidence which the trial court should have been given the opportunity to consider. We find this line of argument completely devoid of substance.

As appellate panels have aptly observed, the purpose of a motion to reconsider sentence is not to conduct a new sentencing hearing, but rather to bring to the circuit court's attention changes in the law, errors in the court's previous

application of existing law, and newly discovered evidence that was not available at the time of the hearing. See *In re Gustavo H.,* 362 Ill. App. 3d 802, 814 (2005), quoting *In re Ashley F.,* 265 Ill. App. 3d 419, 426 (1994); *In re Jermaine J.*, 336 Ill. App. 3d 900, 902-03 (2003). In order to justify a rehearing on the basis of newly discovered evidence, there must be a showing of due diligence and a demonstration that justice has not been done. See *In re Gustavo H.*, 362 Ill. App. 3d at 814, quoting *In re Ashley F.*, 265 Ill. App. 3d at 426. Defendant does not point to any basis for sentencing relief. He suggests there might have been "additional information" that did not find its way into the record, but he does not identify the nature of any such information or explain why it could not have been presented at the time of sentencing. Unlike the defendant in *Henderson*, the defendant in this case does not even offer "hypothetical examples of sentencing issues *dehors* the record that might have been raised if he had been properly admonished." See *Henderson*, 217 Ill. 2d at 467-68. Thus, applying the reasoning of *Henderson,* we conclude that remand for proper Rule 605(a) admonishments is not necessary because defendant was neither prejudiced nor denied real justice as a result of the incomplete admonishments he received. See *Henderson*, 217 Ill. 2d at 469.

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed.*