NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 170757-U

NO. 4-17-0757

FILED
February 6, 2020
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| GARY MICHAEL ARVIK, | ) | No. 16CF112 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott D. Drazewski, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices DeArmond and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*: (1) The trial court did not improperly consider a factor inherent in the offense in aggravation and properly considered applicable statutory factors in mitigation when fashioning defendant's sentence.

(2) The trial court did not err in denying defendant's motion to reconsider his sentence based on, what defendant considered, newly discovered evidence.

¶ 2    After defendant pleaded guilty to one count of criminal sexual assault, the trial court sentenced him to six and a half years in prison. He filed a motion to reconsider his sentence, claiming the court considered improper factors in aggravation and failed to consider applicable factors in mitigation. The trial court denied his motion.

¶ 3    In this appeal, defendant argues the trial court improperly considered a factor in aggravation—a factor he claims is inherent in the charged offense. He also claims the court failed to consider certain factors in mitigation. Defendant claims the cumulative effect of these errors

requires a new sentencing hearing. Defendant further contends the court erred in denying his motion to reconsider sentence when it failed to consider postsentencing conduct. We affirm.

¶ 4                                      I. BACKGROUND

¶ 5          In February 2016, the State charged defendant with one count of criminal sexual assault, alleging he knowingly committed an act of sexual penetration with the victim when defendant knew the victim was unable to give knowing consent to the act. 720 ILCS 5/11-1.20(a)(2) (West 2014). In December 2016, defendant pleaded guilty to the offense in an open plea agreement. The State offered a factual basis, stating the victim attended a party, consumed alcohol, and "pass[ed] out due to intoxication." She was alone in a room when defendant had sexual intercourse with her. Defendant admitted committing the act while the victim was passed out. A subsequent sexual-assault exam revealed the presence of defendant's deoxyribonucleic acid (DNA) in the victim's vagina.

¶ 6          In March 2017, the trial court conducted a sentencing hearing. The State presented no evidence in aggravation. Defendant presented the testimony of three character witnesses. First, James Earl Warren, a pastor at First Christian Church in Bloomington, testified. Warren said he "spent quite a bit of time" visiting with defendant in jail. He noted defendant had taken responsibility for his crime and was working toward becoming a better person, as evidenced by his participation in spiritually based courses and penning an apology letter to the victim. Warren said defendant's adoptive parents were parishioners at his church, so he was familiar with defendant's background, which Warren described as "horrid" and most likely the cause for his criminal conduct. In Warren's opinion, defendant regretted his behavior, was remorseful for what he had done, and had accepted responsibility therefor.

¶ 7 Next, defendant called Teresa Arvik, his adoptive mother, as a witness. She said defendant came into their home (defendant's seventh foster home) when he was eight years old. She and her husband adopted him a year later. Although she did not know at the time of the adoption, she later learned defendant had been physically and sexually abused in his prior foster-care placements. She said, as a young boy, defendant was friendly and very sociable but, as a teenager, he became uncooperative, obstinate, and argumentative. He began smoking marijuana and sneaking out of the house. Arvik said she and her husband met with Dr. Tomike Lana as part of defendant's psychological assessment requested for sentencing. Overall, she said, defendant was "a good person" but, in her opinion, he was "suffering" and in need of treatment.

¶ 8 As his final character witness, defendant called Darrel Arvik, his adoptive father. He testified consistently with his wife's testimony regarding defendant's history and struggles. He also explained that defendant, at his core, was a good person who needed help.

¶ 9 Defendant testified he was 22 years old and struggling with depression. He had recently contemplated suicide and was prescribed Lexapro. He said he had participated in "every single class" being offered at the jail in an effort toward self-improvement. He said he continuously admitted his crime to the police and had sent the victim an apology letter on his own accord.

¶ 10 On cross-examination, defendant admitted he initially denied his involvement in the August 2014 crime and had told police "it was another man." Only when he was confronted with DNA evidence in February 2016 did he confess to the crime.

¶ 11 After considering the factual basis presented at the plea hearing, the presentence investigation report (PSI), the evidence presented, the applicable statutory factors in aggravation and mitigation, defendant's statement in allocution, and the parties' recommendations, the trial court sentenced defendant to six and a half years in prison. The court appreciated defendant's

accountability but noted defendant's criminal history, the importance of deterrence, and the impact on the victim.

¶ 12        On April 13, 2017, defendant filed a motion to reconsider sentence, claiming it was excessive in light of several mitigating factors, including his recent diagnosis of post-traumatic stress disorder (PTSD) and a witness's statement that, on the night in question, he saw the victim and defendant engage in consensual intercourse. Defendant also challenged the trial court's use of the word "rape" during sentencing.

¶ 13        On September 5, 2017, defendant filed a "Motion to Withdraw Plea of Guilty or in the Alternative Motion to Reconsider," the body of which was identical to his April 13, 2017, motion to reconsider sentence. At the start of the hearing on his motion, on October 6, 2017, the trial court asked defendant's counsel to amend the motion on its face to include grounds for the withdrawal of his guilty plea. Counsel inserted a handwritten claim on the face of the motion, stating "defendant did not knowingly [and] voluntarily enter into a plea of guilty[.]" Otherwise, the motion (excluding the title) was identical to that filed on April 13, 2017.

¶ 14        Defendant took the witness stand and testified that, when the police were initially questioning him about his "interaction with a female," he thought they were questioning him about "having sex with an underage female." He explained to the police that the victim had consented to sexual intercourse with him. He also explained two other males, who were also present in the basement at the time, admitted to having sexual intercourse with the same female as well but they were not charged. Defendant's counsel then argued the trial court should reconsider defendant's sentence because defendant was not receiving the necessary psychological and medical services in prison.

¶ 15 The trial court denied defendant's motion, finding defendant's plea was knowingly and voluntarily entered and his sentence was appropriate.

¶ 16 This appeal followed.

¶ 17 II. ANALYSIS

¶ 18 Defendant makes two claims on appeal, both related to his sentence. First, he argues the trial court either failed to consider certain mitigating factors and/or wrongly considered certain aggravating factors and the cumulative effect of these errors requires a new sentencing hearing. Second, he argues the court failed to consider newly discovered evidence presented at the hearing on defendant's motion to reconsider sentence.

¶ 19 A. Sentencing Factors

¶ 20 First, defendant claims the trial court improperly considered, as one of three aggravating factors, the harm suffered by the victim. He contends this was improper because "harm" is inherent to the offense of criminal sexual assault. At sentencing, the trial court stated: "As far as evidence in aggravation, clearly the defendant's conduct caused and threatened serious harm." The court went on to name defendant's history of prior delinquency and deterrence as two other aggravating factors. Defendant contends the court's statement had to mean the court was considering the inherent harm suffered by the victim since there was no evidence of harm beyond that which is inherent to the offense.

¶ 21 To preserve a sentencing error for appeal, a defendant must (1) object to the perceived error in the trial court and (2) raise the issue in a written motion. *People v. Burt*, 168 Ill. 2d 49, 69 (1995). If a defendant fails to properly preserve an issue, we may review the claim only if the defendant establishes plain error. Under the plain-error doctrine, sentencing errors may be considered for the first time on appeal "if (1) the evidence was closely balanced or (2) the error

was sufficiently grave that it deprived the defendant of a fair sentencing hearing." (Internal quotation marks omitted.) *People v. Hanson*, 2014 IL App (4th) 130330, ¶ 26. Plain-error analysis should begin with the question of whether there was a clear or obvious error in the proceedings. *People v. Sebby*, 2017 IL 119445, ¶ 49. An arguable error is not enough. *People v. Manskey*, 2016 IL App (4th) 140440, ¶ 82. Absent an error that is clear or obvious, the doctrine of plain error is inapplicable and leaves the procedural forfeiture undisturbed. *Id.*

¶ 22　　　　We find defendant raises this claim for the first time in this appeal despite his contention that he raised this issue in his motion to reconsider sentence. This is a new and distinct claim. In his motion to reconsider sentence, defendant argued the trial court had failed to consider as mitigation a lack of harm to or any negative impact on the victim. While here, defendant claims the court's reference to "harm" during its oral pronouncement was indicative of the court's reliance on an improper aggravating factor. We disagree with defendant that the grounds in his motion to reconsider sentence somehow "alerted the trial court to its erroneous consideration of harm inherent in the offense of criminal sexual assault as an aggravating factor at sentencing." Rather, we find the court was not afforded the opportunity to consider, clarify, explain, or justify its sentencing decision relating to this issue. See *People v. Hughes*, 2015 IL 117242, ¶ 46 (by not raising claims below, the trial court is deprived of the opportunity to decide the issues on those bases). As such, we consider whether plain error applies.

¶ 23　　　　A trial court has broad discretionary powers in imposing a sentence, and its decision is entitled to great deference. *People v. Alexander*, 239 Ill. 2d 205, 212-13 (2010). Because the trial court is in the superior position to evaluate factors such as the defendant's credibility, habits, age, demeanor, and general moral character, a reviewing court will not substitute its own judgment merely because it would have weighed the factors differently. *People v. Stacey*, 193 Ill. 2d 203,

209 (2000). A sentence within the statutory guidelines is presumed proper (*People v. Knox*, 2014 IL App (1st) 120349, ¶ 46) and will not be reduced unless the trial court abused its discretion (*Alexander*, 239 Ill. 2d at 212).

¶ 24 During sentencing, a trial court should not consider as a factor in aggravation an element inherent in the crime for which the defendant is to be sentenced. *People v. Saldivar*, 113 Ill. 2d 256, 267 (1986). Mention or consideration of a factor inherent in the offense during sentencing is, however, not necessarily reversible error. *People v. O'Toole*, 226 Ill. App. 3d 974, 992 (1992) (The court "need not unrealistically avoid any mention of such inherent factors, treating them as if they did not exist."). The reviewing court must determine (1) whether the inherent factor has varying degrees, (2) whether the trial court merely mentioned or actually considered the factor, and (3) whether the factor served as a primary factor. *Id.* Defendant bears the burden of affirmatively establishing that the trial court relied upon improper considerations. *People v. Dowding*, 388 Ill. App. 3d 936, 943 (2009). In determining the rationale behind the trial court's sentencing decision, we must interpret the record as a whole rather than focus on isolated comments. *Id.*

¶ 25 Although the trial court mentioned the "serious harm" caused by defendant, the record clearly shows the court did not base its sentence entirely on this issue. First, the sentence imposed was on the low end of the potential sentencing range. See 720 ILCS 5/11-1.20(b)(1) (West 2014) (criminal sexual assault is a Class 1 felony); 730 ILCS 5/5-4.5-30(a) (West 2014) (potential range for a Class 1 felony is 4 to 15 years). In addition, the record demonstrates that the court placed weight on defendant's criminal history and the need for deterrence. Indeed, this was a serious crime. The factual basis revealed defendant knowingly committed an act of rape forcibly and contrary to the victim's ability to consent or resist. See 720 ILCS 5/11-1.20(a)(2) (West 2014).

The nature of the crime, defendant's history of delinquency, and the need to deter others from committing such acts were reasonable justifications for a sentence two to three years beyond the minimum available. This is so with or without consideration of the harm suffered by the victim. In other words, the court's sentence was reasonable regardless. As such, we find no clear or obvious error that would excuse defendant's procedural default.

¶ 26        Likewise, and secondly, defendant cannot convince us that the trial court was remiss when considering the factors in mitigation. In particular, defendant argues the court failed to consider his PTSD. As stated above, the court was able to observe the demeanor and credibility of defendant, consider the circumstances of the crime, and weigh the evidence presented at sentencing. Such evidence included defendant's psychological assessment, which confirmed his diagnosis of PTSD. Presumably, after taking these factors into consideration, the court imposed what this court considers, a reasonable sentence within the statutory guidelines. We find no error or abuse of discretion.

¶ 27                           B. Newly Discovered Evidence

¶ 28        Defendant next contends the trial court failed to consider newly discovered evidence presented at the hearing on his motion to reconsider sentence. Specifically, defendant claims the court disregarded his postsentencing claim that the Illinois Department of Corrections (DOC) was not providing his prescribed medication or necessary counseling. Presumably, defendant is arguing, had the court known of this disparaging treatment by DOC, the court would not have sentenced him to six and a half years when the court had emphasized defendant's strong rehabilitative potential.

¶ 29        Defendant, relying on *People v. Medina*, 221 Ill. 2d 394, 413 (2006), argues a purpose of a motion to reconsider sentence is to allow the sentencing court to consider "newly

discovered evidence \*\*\*." According to defendant, because the evidence occurred after sentencing and before the hearing on a motion to reconsider or reduce sentence, that evidence was unavailable at sentencing and could not have been discovered through due diligence and is, therefore, admissible. Defendant recognizes the Second District reached a contrary decision in *People v. Vernon*, 285 Ill. App. 3d 302 (1996), but argues *Vernon* is contrary to *Medina* and this court's decisions in *People v. Hanna*, 155 Ill. App. 3d 805, 811 (1987), and *People v. Burke*, 226 Ill. App. 3d 798, 803 (1992).

¶ 30　　　　In *Vernon*, the Second District considered and rejected a similar argument defendant makes here. The *Vernon* defendant argued the trial court erred by not considering evidence of his behavior while he was in prison during his lengthy appeal process following a remand for compliance with Rule 604(d). *Vernon*, 285 Ill. App. 3d at 304. The Second District concluded defendant's evidence "is clearly outside that which a trial court is required to consider." *Id.* The court reasoned if the trial court were to consider such evidence, the character of motions to reconsider would be like "*ad hoc* parole hearings where the trial court would view defendant's conduct in prison and determine \*\*\* how much longer defendant should spend in prison." *Id.* The *Vernon* court concluded trial courts, when ruling on motions to reconsider sentences, should be limited to the question of whether the initial sentence was correct and should not be in the position of conducting a new sentencing hearing on evidence that did not exist when defendant was originally sentenced. *Id.*

¶ 31　　　　Contrary to defendant's contention, *Medina* and Fourth District precedent do not dictate a different result. In asserting *Medina* contravenes *Vernon*, defendant relies on the following language from *Medina* showing the purpose of a motion to reconsider is "to bring to the circuit court's attention changes in the law, errors in the court's previous application of existing

- 9 -

law, and newly discovered evidence that was not available at the time of the hearing." *Medina*, 221 Ill. 2d at 413. Defendant ignores, however, *Medina*'s language that establishes the term "newly discovered evidence" does not encompass evidence of postsentencing conduct. *Id.* For example, *Medina* explicitly states "the purpose of a motion to reconsider sentence is not to conduct a new sentencing hearing \*\*\*." *Id.* What defendant proposes—allowing the trial court to consider postsentencing circumstances—equates to a new sentencing hearing. In addition, the *Medina* court's language noting defendant failed to identify the nature of "additional information" or "explain why it could not have been presented at the time of sentencing" implies the "newly discovered evidence" *existed* at the time of sentencing but was not presented. See *id. Medina* does not suggest postsentencing conduct should be considered on a motion to reconsider or reduce sentence.

¶ 32 Similarly, Fourth District precedent does not contradict *Vernon*. Defendant relies on *Hanna* and *Burke* as holding a trial court may hear additional evidence when presented with a motion to reconsider sentence when the motion alleges facts outside the record that might change the trial court's conclusions. See *Hanna*, 155 Ill. App. 3d at 812. *Hanna* concerns evidence that *existed* at the time of sentencing but was not presented at sentencing. See *id.* at 811 ("If his juvenile adjudications were uncounselled, and if the conditions of his pretrial detention were onerous, this was known to defendant when he was sentenced."). *Burke*, involving a claim defendant was unconstitutionally denied his right to be present at the hearing on his motion to reconsider sentence, merely cites *Hanna* for the proposition a trial court may hear additional evidence on a motion to reconsider. *Burke*, 226 Ill. App. 3d at 803 (citing *Hanna*, 155 Ill. App. 3d at 812).

¶ 33 These cases do not suggest a trial court can consider evidence that came about after sentencing. Presenting evidence that occurred only after sentencing would require a new

sentencing hearing. "[T]he purpose of a motion to reconsider sentence is not to conduct a new sentencing hearing[.]" *Medina*, 221 Ill. 2d at 413. Defendant may have a remedy on this issue in another proceeding but it is not in his motion to reconsider sentence or in the appeal therefrom. We find no error.

¶ 34                                    III. CONCLUSION

¶ 35          For the foregoing reasons, we affirm the trial court's judgment.

¶ 36          Affirmed.